PAUL D. KREISINGER, Esq.
Suite 103
Mack-Cali Centre VI
461 From Road
Paramus, New Jersey 07652
(201) 225-1500
Attorney For Plaintiff
LAURA M. HEPPOLETTE

SUPERIOR COURT BERGEN COUNTY
FILED

JUL 27 2009

DEPUTY CLERK

---

| | |
|---|---|
| Plaintiff, | SUPERIOR COURT OF NEW JERSEY<br>CHANCERY DIVISION::BERGEN COUNTY |
| LAURA M. HEPPOLETTE,<br>Executor<br>of the<br>ESTATE OF BARBARA A. MOSS | Docket No.: C 236-09 |
| | Civil Action |
| v. | |
| Defendant, | COMPLAINT |
| THE STAR LEDGER,<br>NEW JERSEY PHOTOSHOPS,<br>Inc.<br>and JOHN DOE (i--x) defendants<br>whose identities are at this time<br>unknown to plaintiff | |

LAURA M. HEPPOLETTE, residing at 23 Lilline Lane, in the Borough of Upper Saddle River, County of Bergen and State of New Jersey, by way of complaint against the defendants hereinabove named, does hereby aver and state:

## FIRST COUNT

1. Laura M. Heppolette is the natural daughter of Barbara A. Moss, and the Personal Representative of her Estate, having so qualified under Letters Testamentary issued on August 22, 2007 by Michael R. Dressler, the Surrogate of Bergen County, admitting to Probate the October 17, 1986 Last Will and Testament of Barbara A. Moss, and the July 6, 2007 Codicil thereto.

2. Barbara A. Moss (hereinafter "Decedent") was born on August 14, 1940, and died on July 27, 2007.

3. On March 14, 1991, Decedent commenced employment at defendant The Star-Ledger, and continued said employment until her death on July 27, 2007.

4. Although it is believed that Decedent was employed at The Star-Ledger, Decedent's documents also reveal a relationship with defendant New Jersey Photoshops, Inc., which may be a subsidiary of The Star-Ledger and similarly liable to plaintiff.

5. Defendants John Doe (i--x) represent other entities of The Star-Ledger or New Jersey Photoshops, Inc., or another entity not otherwise known to plaintiff who is liable to plaintiff for the payment of her mother's life insurance benefits and/or pension benefits as described herein.

6. Defendants continued Decedent's medical benefits until her death.

7. On March 29, 2007, defendant The Star-Ledger issued a payroll check to Decedent in the amount of $1520.00 representing forty (40) hours earnings for the period ending March 28, 2007.

2

8. Indeed, defendants issued a new benefit card to Decedent, post-mortem, in October of 2007.

9. As an employee of defendants in excess of fifteen (15) years, Decedent was entitled to a life insurance death benefit calculated at an amount equal to twice her base salary.

10. Decedent's earnings in 2006 were $76,806, and thus under the terms of defendants' employee benefit package, plaintiff, as Decedent's designated beneficiary, was entitled to a life insurance beneficiary payment of $153,612.00. This was not paid to plaintiff.

11. Plaintiff received a check in the amount of $9600.00, which sum was woefully inadequate to discharge the obligation to pay life insurance benefits to plaintiff and was rejected by her.

WHEREFORE, plaintiff demands entry of judgment against defendants hereinabove named in the amount of $153,612.00, together with interest from date of death of Decedent, costs and attorney's fees.

### SECOND COUNT

12. Plaintiff repeats and realleges each and every paragraph of the FIRST COUNT as if set forth herein at length.

13. In the event plaintiff's Decedent was not an employee of defendants at the time of her passing, then and in that event, Decedent was entitled to pension benefits, and entitled to choose a variety of payout options thereunder.

3

14. In or about March of 2007, the Human Resources department of The Star-Ledger *sua sponte* elected to activate Decedent's pension benefits, and choose for her a life annuity without survivor benefits.

15. Decedent did not accede to this action, and did not tender her retirement, nor accept any retirement benefits.

16. The Star-Ledger caused to be issued to Decedent a pension check on June 11, 2007 in the amount of $2722.56, representing four months of benefits *retroactively* to March 1, 2007 (for March, April, May and June) at the life annuity rate of $680.64 per month, a choice not made by Decedent and a choice which provided the least amount of benefits payable to Decedent, who died on July 27, 2007.

17. In the event that Decedent was not an employee of The Star-Ledger or the other defendants named herein at the time of her death, then and in that event, she is entitled to pension benefits of her choosing, providing for an appropriate survivor's benefit that would have inured to plaintiff's benefit as sole surviving child of Decedent.

18. Defendants' election of benefits deprived plaintiff of her survivor's benefits and plaintiff prays that the election be reformed so as to provide plaintiff with the benefits providing for a survivor's benefit, and that defendants be compelled to issue payments at the level commensurate with the option chosen by plaintiff, retroactive to March 1, 2007, with interest.

WHEREFORE, plaintiff demands entry of judgment against defendants for the following relief:

    a. Reformation of the pension benefit designation made by defendants for Decedent without her input and choosing;

    b. Judgment compelling payment of survivor's pension benefits in an amount sufficient to justly compensate plaintiff;

    c. Interest thereon from date of retirement;

    d. Costs;

    e. Counsel fees;

    f. Such other relief as the Court shall deem to be just and equitable.

### THIRD COUNT

19. Plaintiff repeats and realleges each and every paragraph of the FIRST and SECOND COUNTS as if set forth herein at length.

20. Defendants are under a duty to plaintiff to pay out benefits related to Decedent's employment with them, as described hereinabove.

21. Defendants' failure to pay to plaintiff her mother's retirement benefits results in their being unjustly enriched.

22. Defendants hold plaintiff's life insurance and/or retirement benefits for the benefit of plaintiff under a resulting trust, constructive trust or other equitable remedy.

23. Defendants must be compelled to pay benefits to plaintiff in order to avoid and prevent further unjust enrichment of defendants at plaintiff's expense.

5

**WHEREFORE** plaintiff demands entry of judgment against defendants for the following relief:

    a. Judgment compelling payment of life insurance and/or survivor's pension benefits in an amount sufficient to justly compensate plaintiff;

    b. Interest thereon from date of retirement;

    c. Costs;

    d. Counsel fees;

    e. Such other relief as the Court shall deem to be just and equitable.

Date: July 27, 2009

*[signature]*
PAUL D. KREISINGER
Attorney for plaintiff
LAURA M. HEPPOLETTE

z:\moss\starledg\complt

PAUL D. KREISINGER, Esq.
Suite 103
Mack-Cali Centre VI
461 From Road
Paramus, New Jersey 07652
(201) 225-1500
Attorney For Plaintiff
LAURA M. HEPPOLETTE

|  |  |
|---|---|
| Plaintiff, | SUPERIOR COURT OF NEW JERSEY<br>CHANCERY DIVISION::BERGEN COUNTY |
| LAURA M. HEPPOLETTE,<br>Executor<br>of the<br>ESTATE OF BARBARA A. MOSS | Docket No.: C-236-09 |
|  | Civil Action |
| v. |  |
| Defendant, | SUMMONS |
| THE STAR LEDGER,<br>NEW JERSEY PHOTOSHOPS,<br>Inc.<br>and JOHN DOE (i--x) defendants<br>whose identities are at this time<br>unknown to plaintiff |  |

THE STATE OF NEW JERSEY, to the ABOVE NAMED DEFENDANT:

**NEW JERSEY PHOTOSHOPS, Inc.**

  The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within **35 days** from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) A $135.00 filing fee payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the

deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

Date: November 5, 2009

JENNIFER M. PEREZ, Esq.
Acting Clerk of the Superior Court

Name and Address of Defendant to be served:

**NEW JERSEY PHOTOSHOPS, Inc.**
One Star Ledger Plaza
Newark, New Jersey 07102-1200

2